STATE OF NEBRASKA EX REL. SPECIAL COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, v. JOHN P. ELLIS, RESPONDENT.

659 N.W.2d 829

Filed April 18, 2003.    No. S-03-414.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

INTRODUCTION

Respondent, John P. Ellis, was admitted to the practice of law in the State of Nebraska on September 8, 1982, and at all times relevant hereto was engaged in the private practice of law in Douglas County, Nebraska. On March 24, 2003, a "Complaint" (hereinafter referred to as the "formal charge") was filed against respondent. The formal charge sets forth a single count which charges the respondent with violating his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997), and the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violation of disciplinary rule); DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice); DR 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law); Canon 6, DR 6-101(A)(3) (neglect); DR 6-102(A) (attempting to exonerate self or limit liability for malpractice); Canon 7, DR 7-101(A)(2) (failure to carry out contract for employment); and DR 7-101(A)(3) (engaging in conduct prejudicial to client).

## FACTS

On March 24, 2003, respondent filed with this court a conditional admission of guilt in which respondent admitted the formal charge and effectively waived all proceedings against him in connection therewith. In summary, the formal charge alleges as follows: that respondent neglected a client's case causing the same to be dismissed; that he misled the client with regard to the status of her case; and that he provided false, misleading, and fraudulent information to the Counsel for Discipline's office which was investigating a grievance filed against respondent by the client whose case was dismissed.

## ANALYSIS

Neb. Ct. R. of Discipline 13 (rev. 2002) provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly admits the facts outlined in the formal charge and knowingly admits that he violated DR 1-102(A)(1), (4), (5), and (6); DR 6-101(A)(3); DR 6-102(A); and DR 7-101(A)(2) and (3), as well as his oath of office as an attorney. We further find that respondent waives all proceedings against him in connection herewith.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Special Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1), (4), (5), and (6); DR 6-101(A)(3); DR 6-102(A); and DR 7-101(A)(2) and (3), as well as his oath of office as an attorney, and that respondent should be suspended for a period of 1 year, effective immediately, after which time respondent may apply for reinstatement. Respondent shall comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001).

JUDGMENT OF SUSPENSION.